IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ANGELA L. TALTON,**

        Plaintiff,

v.                                                       Civil Action No. 3:10-CV-78
                                                                       (BAILEY)

**OPEQUON MOTORS, INC., and
ELLEN M. PARSONS,**

        Defendants.

## MEMORANDUM OPINION AND ORDER

Currently pending before this Court is the plaintiff's Motion for Leave to File an Amended Complaint and to Remand this Matter to the State Courts [Doc. 7], filed September 7, 2010. This Court has reviewed the record and the motion and, for the reasons set out below, finds that the plaintiff's motion should be **GRANTED**.

## BACKGROUND

**I.**     **Factual Allegations**

This case involves the plaintiff's employment at Opequon Motors, Inc. ("Opequon Motors"), a West Virginia automobile dealership, from February 25, 2009, to March 15, 2010. ([Doc. 1-2] at ¶ 15). According to the plaintiff, she performed work during this time period for which she was not paid. (Id. at ¶ 16). Opequon Motors permitted the plaintiff to perform work without pay. (Id. at ¶ 17). Also during the course of her employment, the plaintiff regularly worked in excess of 40 hours per week. (Id. at ¶ 18). Opequon Motors did not pay the plaintiff at the rate of one and one-half times her regular rate of pay for all

1

overtime hours she worked. (Id. at ¶ 19).

## II.  Procedural History

On July 12, 2010, the plaintiff commenced this action in the Circuit Court of Berkeley County, West Virginia, against Opequon Motors and one of its officers, Ellen M. Parsons. The Complaint [Doc. 1-2] contains three counts: (1) failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; (2) failure to pay overtime wages in violation of the West Virginia Minimum Wage and Maximum Hours Standards ("MWMHS"), W.Va. Code § 21-5C-1, *et seq.*; and (3) failure to pay wages due in violation of the West Virginia Wage Payment and Collection Act ("WPCA"), W.Va. Code § 21-5-1, *et seq.*

On August 11, 2010, the defendants removed the above-styled action to the United States District Court for the Northern District of West Virginia based upon federal question jurisdiction [Doc. 1]. Specifically, the defendants cited the federal question arising from the plaintiff's FLSA claim. ([Doc. 1] at ¶ 4).

On August 18, 2010, the defendants filed an Answer [Doc. 4], admitting, *inter alia*, that "Opequon Motors is an 'enterprise engaged in commerce' as that term is defined by the [FLSA]," and that "Plaintiff was employed by Opequon Motors as a clerk in the parts department and that the vast majority of her job duties included requisitioning, stocking, and dispensing automobile parts." ([Doc. 4] at ¶¶ 6, 10).

On August 20, 2010, the defendants filed a Motion for Judgment on the Pleadings [Doc. 5], arguing that the plaintiff has failed to state a claim upon which relief may be granted. First, the defendants argue that the plaintiff's FLSA claim must be dismissed because she was exempt from the overtime requirements of the FLSA. ([Doc. 5-1] at 2-3).

Second, the defendants argue that the plaintiff's MWMHS claim must be dismissed because they are not employers under that statute's provisions. (Id. at 3-4). Finally, the defendants argue that the plaintiff's WPCA claim must be dismissed because the plaintiff is not owed any wages. (Id. at 4-5).

On September 7, the plaintiff filed the pending Motion for Leave to File an Amended Complaint and to Remand this Matter to the State Courts [Doc. 7]. First, the plaintiff requests leave to amend her Complaint to delete her claims under the FLSA and the MWMHS. ([Doc. 8] at 1). Second, the plaintiff requests that the Court remand this case for lack of subject matter jurisdiction. (Id. at 2).

## **DISCUSSION**

I. **Applicable Standards**

  A. **Amending as a Matter of Course**

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

(a) Amendments Before Trial.

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> . . .
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . ..

Fed. R. Civ. P. 15(a)(1)(B).

  B. **Removal Jurisdiction**

Defendants in civil actions may remove a matter from state to federal court if the latter forum has original subject matter jurisdiction. Generally, this requirement can be

3

based upon diversity jurisdiction or federal question jurisdiction.  28 U.S.C. § 1441.  However, where any defendant is a resident of the forum state, removal can be based only upon federal question jurisdiction.  28 U.S.C. § 1441(b).  A federal district court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  This particular jurisdiction must inhere in the plaintiff's claim, rather than be based on a defense or counterclaim.  ***Louisville & Nashville R.R. v. Mottley***, 211 U.S. 149 (1908).

The burden of demonstrating jurisdiction generally resides with the defendant.  ***Wilson v. Republic Iron & Steel Co.***, 257 U.S. 92 (1921).  Likewise, the plaintiff's role in the context of disputes about removability is also clearly defined: the plaintiff is the master of his or her claim.  *See* ***Oklahoma Tax Com'n v. Graham***, 489 U.S. 838 (1989).  This means that, "if [the plaintiff] chooses not to assert a federal claim . . ., defendants cannot remove the action to federal court on the ground that an alternative course of conduct available to the plaintiff would have permitted removal of the case."  14B Charles Wright, ***Federal Practice and Procedure***, §3721, p. 59 (2009).  Moreover, as the Fourth Circuit has indicated, if federal jurisdiction is doubtful, the case must be remanded.  ***Mulcahey v. Columbia Organic Chems. Co.***, 29 F.3d 148, 151 (4th Cir. 1994).

II. <u>Analysis</u>

    A.    **Request for Leave to Amend the Complaint**

In her motion, the plaintiff requests leave to file an amended complaint.  In support of this request, the plaintiff cites Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.  That provision, which is quoted above, allows a plaintiff to amend a complaint as a matter

4

of course within twenty-one (21) days after the filing of an answer.  *See* Fed. R. Civ. P. 15(a)(1)(B).

Here, the defendants filed their Answer [Doc. 4] on August 18, 2010.  By filing the pending motion, with her proposed Amended Complaint, on September 7, 2010, the plaintiff has timely amended her Complaint.  Though it appears the amendment is properly made as a matter of course, the plaintiff requests leave which this Court now **GRANTS**.

**B.     Request to Remand the Case**

Because the Amended Complaint deletes the plaintiff's FLSA claim, no federal question remains.  As such, the plaintiff requests that the Court remand this case to state court.

As outlined above, only the existence of a federal question provides a basis for removal jurisdiction in this case because the defendants are residents of West Virginia, the forum state.  *See* 28 U.S.C. § 1441(b).  In fact, in removing this case, the defendants relied exclusively upon the existence of the plaintiff's FLSA claim.  That the federal claim no longer exists divests this Court of its jurisdiction over the subject matter of this case.  Thus, remand is required.  Accordingly, the Court hereby **REMANDS** this case to the Circuit Court of Berkeley County, West Virginia.

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the plaintiff's Motion for Leave to File an Amended Complaint and to Remand this Matter to the State Courts [Doc. 7]. Accordingly, the Court **REMANDS** this case to the Circuit Court of Berkeley County, West Virginia.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record as well as to the Circuit Court of Berkeley County, West Virginia.

**DATED:** September 8, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE